IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| COACH, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:11cv309 (JCC/JFA) |
| | ) | |
| 1941 COACHOUTLETSTORE.COM | ) | |
| *et al.*, each an Internet | ) | |
| Domain Name, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Coach, Inc. and

Coach Services, Inc.'s (collectively, Coach or Plaintiffs)

Objections to the Magistrate Judge's Proposed Findings of Fact

and Recommendations (the Objection) [Dkt. 54] issued by

Magistrate Judge Anderson on November 25, 2011 [Dkt. 53].  For

the following reasons, the Court will grant Plaintiffs'

Objection.

**I.  Background**

Coach seeks injunctive relief against multiple domain

name defendants pursuant to the *in rem* provisions of the

Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)

(ACPA).  The facts in this case were thoroughly presented in

Magistrate Judge Anderson's Proposed Findings of Fact and

1

Recommendations [Dkt. 53] and thus the Court only provides a review.

On March 25, 2011, Coach filed a Complaint alleging violations of the ACPA against 419 defendant domain names. [Dkt. 1.] (*Id.*) Then, on April 1, 2011, Coach filed an Amended Complaint naming 473 domain names as defendants. [Dkt. 2.] On April 8, 2011, Coach filed an *ex parte* motion for an order authorizing service of process by email and a notice for a hearing date. [Dkt. 3.] Magistrate Judge Anderson issued an order three days later advising Coach that it should, among other things, "be prepared to present argument as to why it is proper to join over 400 domain name defendants in a single action." [Dkt. 6.] After obtaining a continuance to file a supplemental memorandum [Dkt. 13], Coach filed a supplemental position paper [Dkt. 14] and notice of supplemental authority [Dkt. 18] on April 26, 2011, and April 28, 2011, respectively.

On April 29, 2011, Magistrate Judge Anderson denied Coach's motion for service by email, but granted Coach leave to file a second amended complaint. [Dkt. 20.] During a hearing on April 29, 2011, Magistrate Judge Anderson expressed concern about the appropriateness of joining all of the domain names in one action. (Tr. April 29, 2011 Proceedings [Dkt. 23] at 7:10-9:12.) In response to that concern, on July 1, 2011, Coach filed a Second Amended Complaint [Dkt. 25] dividing the domain

name defendants into sub-groups.  The Second Amended Complaint lists 360 domain name defendants and divides them into 11 sub-groups.  (Second Am. Compl. [Dkt. 25] ¶ 10.)  Coach asserts that the groups are based on similarities in the postal addresses, email addresses, and/or registrar of the domain names.  (*Id.* ¶¶ 11-21.)

On July 6, 2011, Coach filed an *ex parte* motion for an order to publish notice of the action and a memorandum in support.  [Dkts. 26-27.]  On July 8, 2011, Magistrate Judge Anderson issued an order of publication directing Coach to provide notice of this action in accordance with the ACPA.  [Dkt. 28.]  Coach complied, publishing notice of this action in *The National Law Journal* on July 25, 2011.  None of the domain name defendants filed a response, claim, or other pleading.

On August 18, 2011, Coach filed a motion for entry of default.  [Dkt. 31.]  And on August 29, 2011, the Clerk of the Court entered an order of default against the 360 domain name defendants.  [Dkt. 35.]  Coach then filed a motion for entry of final judgment [Dkt. 36] and then an amended motion for entry of final judgment on August 30, 2011 [Dkt. 37].

On September 6, 2011, Magistrate Judge Anderson ordered Coach to provide "the legal authority it relies upon to support the joining of these defendants in one action . . . ."  [Dkt. 39.]  And on September 20, 2011, the Court directed Coach

3

to notice the hearing on its motion for default judgment. [Dkt. 40.]  Coach responded on September 23, 2011, filing a motion for entry of default judgment, a memorandum in support, and a notice of hearing for September 29, 2011. [Dkts. 41-43.]  On September 27, 2011, Coach filed two notices of voluntary dismissal, dismissing with prejudice Coach's claims against four of the 360 domain name defendants.[1]  [Dkts. 49-50.]  The claims against those four domain name defendants were dismissed on September 28, 2011.  [Dkt. 51.]  On September 29, 2011, Magistrate Judge Anderson held a hearing on Coach's motion for default judgment. None of the remaining 356 domain name defendants (the Domain Name Defendants) appeared.

On November 25, 2011, Magistrate Judge Anderson filed the Proposed Findings of Fact and Recommendations (the R&R). [Dkt. 53.]  In it, Magistrate Judge Anderson recommends a finding that joinder of all of the Domain Name Defendants does not satisfy the requirements of Federal Rule of Civil Procedure 20.  (R&R [Dkt. 53] at 17.)  The R&R also recommends a finding that joinder is appropriate as to 11 domain names (the "Merry/Liny" domain names) and recommends that the remaining 345 domain name defendants be severed from the instant action. (*Id.*) Finally, the R&R proceeds to recommend default judgment be

---

[1] Coach listed one of the four domain names twice in the first notice of voluntary dismissal.  This mistake was corrected in the second notice.

entered against each of the 11 Merry/Liny domain names.  (*Id.* at 26-27.)

On December 10, 2011, Plaintiffs filed Objections to the Magistrate Judge's Proposed Findings of Fact and Recommendations (the Objection).  [Dkt. 54.]

Plaintiffs' Objection is now before the Court.

## II.   Standard of Review

Pursuant to the Federal Magistrate's Act, the parties may serve and file written objections to the magistrate judge's proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommended disposition.[2]  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  A district judge is required to make a de novo determination only of those specific portions of a report and recommendation to which objection is made.  28 U.S.C. § 636(b)(1)(C).  A district judge also "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," *id.; see also Beck v. Angelone*, 113 F. Supp. 2d 941, 947 (E.D. Va. 2000), appeal dismissed by 261 F.3d 377 (4th Cir.), cert. denied, 534 U.S. 987, 122 S. Ct. 417, 151 L. Ed. 2d 321 (2001), and may receive further evidence or recommit the matter to the magistrate with instructions.  28 U.S.C. § 636(b)(1)(C).

---

[2] As a preliminary matter, the Court finds that Plaintiffs timely noted the Objection to the R&R pursuant to the extension of time.

### III.  Analysis

Coach contests the R&R's finding that all 356 Domain Name Defendants are improperly joined together pursuant to Federal Rule of Civil Procedure 20, and that the claims of 345 of those Domain Name Defendants should be severed from this action.  (Objection [Dkt. 54] at 2.)  Coach primarily argues that Rule 20 is "clearly inapplicable to this litigation," and requests this Court to enter default judgment against all of the 356 Domain Name Defendants.  (*Id.*)  In the alternative, Coach requests that if this Court severs the 345 Domain Name Defendants, the Court also waive any additional filing and/or publication costs associated with such a decision.  (*Id.* at 21.)

Rule 20 governs permissive joinder of parties and states,

> Persons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (2011).  Coach's main contention is that the ACPA displaces Rule 20 in light of snippets of legislative history, most of which only suggest that Congress wanted an effective and efficient method for

6

addressing cybersquatting.[3]  Yet, Coach does not point to a
single provision in the ACPA that provides for special
treatment for joinder in *in rem* domain name proceedings.
Nor does Coach cite to a single case where a court has
found that the ACPA does away with the requirements of Rule
20.

Coach places emphasis on *Porsche Cars North
America, Inc. v. Porsche.net*, 302 F.3d 248 (4th Cir. 2002),
arguing that, as it "allowed Porsche to bring a single suit
against 128 defendant domain names," it is "illustrative of
Congress' intent to allow ACPA claims to proceed in a
single cause of action against multiple defendant domain
names." (Objection at 13.)  But there is no disagreement
that the ACPA permits a single *in rem* proceeding against
*multiple* defendant domain names.  The R&R recommends
grouping multiple (eleven) domain names and suggests that
"there may be other groups of domain names that could
satisfy the same transaction or occurrence test if an
individualized analysis was performed." (R&R at 17 n. 7.)
Rather, the issue before the Court is whether the Federal
Rules of Civil Procedure place limits on the *number* of

---

[3] While there are concerns about judicial economy, Coach overstates them to
the extent that it suggests that the effect of the R&R would be a 35 percent
increase in this Court's docket.  (*See* Objection at 16.)  This is because the
R&R does not require an additional 345 *individual* suits (the number Coach
uses in its calculation).  Rather it recommends that the domain name
defendants be joined in *groups* that satisfy the transaction or occurrence
test.  (*See* R&R at 17.)

defendant domain names that may be joined together, i.e.,
whether Rule 20 governs the size and scope of the groups of
domain names.  Neither Coach's argument, nor the Fourth
Circuit's opinion in *Porsche*, speaks to that issue.[4]  For
these reasons, the Court finds that the ACPA does not
displace Rule 20.

　　　　In addressing Rule 20's dual requirements for
joinder of defendants, Magistrate Judge Anderson found that
the claims asserted against all 356 Domain Name Defendants
involve a common question of law – the validity of Coach's
Trademarks.  (R&R at 9.)  Magistrate Judge Anderson,
however, after conducting a thorough review of the related
case law and information provided about the Domain Name
Defendants, concluded that the joinder of all Domain Name
Defendants does not meet Rule 20's second requirement –
that the right to relief asserted against the defendants
was "with respect to or arising out of the same
transaction, occurrence, or series of transactions or
occurrences."  (*Id.* at 15.)  The R&R states that "the
evidence presented is insufficient to establish that
Coach's claims against *all* of the domain name defendants
are related, that they arise from the same transaction or

---

[4] The Fourth Circuit in *Porsche* did not specifically address joinder, nor did
it discuss Congressional intent as it relates to combining multiple defendant
domain names in a single action.  Instead, the Fourth Circuit addressed
arguments about due process and the timing of objections related to in rem
jurisdiction.  *See Porsche Cars North America, Inc.*, 302 F.3d at 262.

occurrence, or that there is any joint action among *all* the
defendant domain names that warrants relief under the ACPA
in a single action." (R&R at 15.)  As a result, the R&R
recommends that this Court, pursuant to Fed. R. Civ. P. 21,
sever 345 Domain Name Defendants *sua sponte*.[5]  (*Id.* at 12.)

Coach spends almost no time contending that
joinder of the Domain Name Defendants is appropriate under
Rule 20.[6]  Coach does state that "[b]ecause a default has
been entered against all of the Defendants, the allegations
contained in Coach's Complaint – including those regarding
the interrelatedness of the Domain Name Defendants and
those alleging that the Domain Name Defendants are 'run by
the same entity . . . or small number of entities' – cannot
now be contested and deemed admitted and true." (Objection
at 20.)  It is true that "'[t]he defendant, by his default,
admits the plaintiff's well-pleaded allegations of fact, is
concluded on those facts by the judgment, and is barred
from contesting on appeal the facts thus established.'"
*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th
Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston*

---

[5] Rule 21 states: "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21 (2011).

[6] Coach emphasizes that there are cases in the Eastern District of Virginia that have involved multiple domain name defendants.  Yet, Coach does not cite to discussions of joinder in those cases, nor does Coach make any arguments about the appropriateness of the joinder of the specific defendants in those cases.  That there are cases joining large numbers of domain name defendants is not an argument as to why joinder is appropriate in this case.

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  However,

"[a] defendant's default does not in itself warrant the

court in entering a default judgment.  There must be a

sufficient basis in the pleadings for the judgment

entered."  *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258

(4th Cir. 2006) (quoting *Nishimatsu*, 515 F.2d at 1206).

"Further, a 'defendant is not held to admit facts that are

not well-pleaded or to admit conclusions of law.'"  *Id*.  In

reviewing the R&R, the Court applied the facts to Rule 20's

legal standard.  In doing so, it found that the evidence

only establishes that the Domain Name Defendants are run by

a number of entities,[7] and those entities should be sued

independently under Rule 20.

     However, even if the Second Amended Complaint contains

insufficient claims to support joinder of all 356 Domain Name

Defendants, the Federal Rules of Civil Procedure only apply to

the extent that they "affect any party's substantial rights."[8]

Fed. R. Civ. P. 61 (2011).  Moreover, the Court's authority to

act *sua sponte* is provided by Rule 21, which requires that the

Court add or drop parties "on just terms."[9]  Fed. R. Civ. P. 21.

---

[7] In particular, this Court notes that "Coach divided the [356] domain names
into 11 seemingly unrelated sub-groups."  (R&R at 14.)
[8] Federal Rule Civil Procedure 61 states, in part, "[a]t every stage of the
proceeding, the court must disregard all errors and defects that do not
affect any party's substantial rights."
[9] Federal Rule Civil Procedure 21 states, "[m]isjoinder of parties is not a
ground for dismissing an action. On motion or on its own, the court may at
any time, on just terms, add or drop a party.  The court may also sever any
claim against a party."

Although Coach does not cite to these rules, they control in this case and require all 356 Domain Name Defendants to remain joined in a single action.  This is because each Domain Name Defendant is individually subject to default.  And, "there is no prejudice to any defaulting defendant, whose liability may be established upon default irrespective of the presence of any other defendant." *Lyons P'ship, L.P. v. D&L Amusement & Entm't*, 702 F. Supp. 2d 104, 112 (E.D.N.Y. 2010).  As a result, the Court finds that it must disregard any potential defects related to joinder, as they do not affect any party's substantial rights, and the Court's correction of those defects under Rule 21 would not be on just terms.

Thus, the Court rejects Magistrate Judge Anderson's finding that joinder is inappropriate and that the claims against 345 of the Domain Name Defendants should be severed from the instant action.  The Court finds that all 356 Domain Name Defendants shall remain joined in this action.  The Court accepts and adopts Magistrate Judge Anderson's remaining findings, which are related to a default judgment against the eleven Merry/Liny Domain Name Defendants.  And, it makes those same findings for the remaining 345 Domain Name Defendants. Thus, this Court concludes that the registrants' actions have violated the ACPA and default judgment shall be entered in favor of Plaintiffs with respect to the 356 Domain Name Defendants.

## IV.  Conclusion

For the reasons stated above, the Court will grant

Plaintiffs' Objection to Magistrate Judge Anderson's R&R

regarding the joinder of the Domain Name Defendants.

An appropriate Order will issue.


|                        | /s/                                    |
| ---------------------- | -------------------------------------- |
| January 5, 2012        | James C. Cacheris                      |
| Alexandria, Virginia   | UNITED STATES DISTRICT COURT JUDGE     |